## STONE *v.* TOWNE ET AL.

A. recovered in the Circuit Court of the United States for the Southern District of Mississippi a judgment against the administrator of B., to the payment whereof he sought, by appropriate proceedings in Louisiana, to subject certain lands there situate. C., who was not a party to the judgment, claimed them under an alleged conveyance to his ancestor from B. *Held,* that C., inasmuch as the judgment was not a lien upon the lands, nor binding in any sense upon him, could not sustain a bill in chancery to set it aside.

APPEAL from the Circuit Court of the United States for the Southern District of Mississippi.

The facts are stated in the opinion of the court.

*Mr. R. P. Lowe* for the appellant, and *Mr. Joseph Casey* for the appellees.

MR. JUSTICE MILLER delivered the opinion of the court.

On the first day of November, 1857, Oliver O. Woodman made his four promissory notes, payable to his own order, at the office of Brown, Johnson, & Co., New Orleans, and indorsed them in blank, and delivered them to said Brown, Johnson, & Co. Three of the notes were for $3,000 each, and one for $2,761.15; and they fell due at various periods within five months. They were given for a pre-existing indebtedness of Woodman to Brown, Johnson, & Co.; and were secured by a mortgage on the cotton farm of Woodman, in Louisiana. None of these notes were paid at maturity. On the twenty-sixth day of May, 1869, William A. Stone, the appellant in this case, brought a suit in the Circuit Court of the United States for the Southern District of Mississippi against Ivory Woodman, as administrator with the will annexed of Oliver O. Woodman, on these notes: and the administrator thereupon confessed a judgment in his favor for the amount of the notes with interest; to wit, $21,868.35.

The suit now before us is a bill in chancery, brought by appellees to set aside this judgment as obtained by fraud. These appellees are citizens of the State of Louisiana, and are the heirs of Robert W. Burney; and the ground on which they seek to interpose in this manner is, that Stone is trying to subject the lands of Woodman to the payment of this judgment, which

lands they claim had in the lifetime of their ancestor, R. W. Burney, been conveyed to him, and, after his death, had descended to them.

The judgment which is assailed is not a lien on this land, since it is rendered in Mississippi, and the land is in Louisiana. It does not bind any of the complainants personally, for they are not parties to it in any way; nor does it bind the administrator or executor of Burney, for the same reason. It is simply a judgment in the State of Mississippi, in the Federal Court, against the administrator of Woodman's will.

It is very difficult to see on what principle the complainants, who were not parties to that judgment, who are not in any sense bound by it, and who cannot be made liable for it *in personam*, can sustain a bill to set aside the judgment, which is of itself no lien on their property, and is in its terms binding only on the administrator of Woodman's will.

The petition in the suit of Stone to enforce this judgment against the estate of Woodman in Louisiana, which is made part of the bill, does not rely upon the mortgage, but upon the fact that the real estate of which Woodman died seized was never really sold or conveyed to Burney; that his heirs have no title to it; that it is still a part of Woodman's succession, and, for that reason, liable, in the hands of the administrator, to the payment of this judgment. Every defence which the heirs of Burney can rightfully make to this petition is open to them. If what it charges is untrue, they can defend against it successfully; if it is true, the property ought to be restored to the succession of Woodman, without regard to the validity of the judgment. That is a matter between the administrator of Woodman or his heirs, and the judgment plaintiff, Stone, in which the heirs of Burney can have no legal interest. If they have such an interest, they can set it up in the Louisiana suit, so far at least as may be necessary to protect their rights; and beyond this they have no right to interfere.

*On this ground, we are satisfied that the decree must be reversed, and the bill dismissed; and it is so ordered.*